THE PEOPLE v. WILLIAM EDWARDS.

*Criminal law—Possession of burglars' tools—Evidence.*

1. In a prosecution for knowingly having in one's possession tools or implements adapted to, and with intent to use them for, burglarious purposes, in violation of How. Stat. § 9175, the information need not charge, nor the evidence show, the identity or the ownership of the particular building intended to be broken into.

·2. Proof of the possession of such implements, and of a general intent to use them in the felonious manner mentioned in the statute, in the county where the prosecution is instituted, is all that is required to be shown to warrant a conviction.

Error to Ionia. (Smith, J.) Submitted on briefs November 17, 1892. Decided December 2, 1892.

Respondent was convicted of a violation of section 9175, How. Stat., and sentenced to the State prison for 8 years. ·Conviction affirmed. The facts are stated in the opinion.

*F. C. Miller* and *George E. Nichols,* for respondent.

*A. A. Ellis,* Attorney General, and *F. D. M. Davis,* Prosecuting Attorney, for the people.

DURAND, J. The respondent was convicted of a violation of section 9175, How. Stat., which reads as follows:

" Every person who shall knowingly have in his possession any engine, machine, tool, or implement adapted and designed for cutting through, forcing, or breaking open any building, room, vault, safe, or other depository, in order to steal therefrom any money or other property, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ the same for the purpose aforesaid, shall be, on conviction thereof, punished by imprisonment in the State prison not more than ten years, or by imprisonment in the county jail not more

than one year, or a fine not exceeding $1,000, or both such fine and imprisonment, at the discretion of the court."

The respondent insists that no conviction can be had under this statute unless the information charges, and the evidence shows, the particular building intended to be broken into, and who is the owner of it. This contention cannot be sustained. If it is necessary, before a conviction can be had under this statute, to establish the location and ownership of the particular building intended to be broken into, it would be necessary in most cases to wait until the person having such tools in his possession with the intent to use them feloniously is caught in the very act of burglary, which is another and entirely distinct offense. Such a construction would render this statute practically nugatory, and would entirely defeat its purpose and object. This statute was enacted to make the crime of burglary more infrequent, and, as far as possible, to prevent it. It is aimed at that class of criminals who provide themselves with implements to make the commission of the crime of burglary easy, and who go about the country from place to place with the intent to use them whenever they find an opportunity to do so. The possession of such implements, and a *general* intent to use them in the felonious manner mentioned in the statute, is all that is necessary; and in this case the showing of such an unlawful possession and felonious intent on the part of the respondent in the county of Ionia was all that was required to be shown. It was not necessary to allege or prove any intent to use them in a particular place, or for a specified purpose, or in any definite manner. In this respect the offense charged is similar to that of having in possession counterfeit bills, with intent to use them as true, and in such a case it is never necessary to aver or prove the time, place, or manner in which the bills were intended

to be uttered.   *Com. v. Tivnon,* 8 Gray, 375; Archb. Crim. Pl. 513.   The crime is complete when it satisfactorily appears that a person is found to be knowingly equipped with tools and implements adapted and designed for burglarious purposes, he knowing the same to be so, and having the felonious intent to employ them for that purpose when an opportunity satisfactory to him presents itself, or when he finds a building or place sufficiently unguarded to prompt him to take the risk of an attempt.

There is no error in the record, and the judgment is affirmed.

The other Justices concurred.