PEOPLE v. JONES.

1. CRIMINAL LAW — POSSESSION OF BURGLARS' TOOLS — INFORMA-
TION.
    In a prosecution for violating 3 Comp. Laws 1897, § 11589, pro-
    viding a punishment for having possession of burglars' tools
    with intent to use the same for committing burglary, it is not
    necessary for the people to allege and prove that the respond-
    ent intended to use them for such purpose in the county
    where he is prosecuted.

2. SAME—EVIDENCE.
    In a prosecution for having possession of burglars' tools, it is
    proper for the people to show the purpose for which the tools
    found in respondent's possession are adapted.

Error to Houghton; Haire, J., presiding.   Submitted
May 1, 1900.   Decided May 15, 1900.

George Jones was convicted of having burglars' tools
in his possession, and sentenced to imprisonment for five
years in the State prison at Marquette.   Affirmed.

*W. A. Burritt*, for appellant.

*Oscar J. Larson*, Prosecuting Attorney, for the peo-
ple.

MOORE, J.   The respondent was convicted of   the
offense charged in an information reading, in the material
part thereof, as follows:

"That George Jones, late of the township of Portage,
in the county of Houghton, heretofore, to wit, on the 29th
day of May in the year 1899, at the township of Portage,
in the county of Houghton, aforesaid, did feloniously and
knowingly have in his possession certain tools and imple-
ments,—that is to say, one skeleton key, one clipper, and
one key adapted and designed for the forcing and break-
ing open of buildings, rooms, vaults, and safes, in order
feloniously to steal, take, and carry away therefrom such
    124 MICH.—12.

money and other property capable of being stolen as might be found therein; he, the said George Jones, then and there feloniously knowing the such tools and implements to be adapted and designed for the purpose aforesaid, intending to use and employ them for the purpose aforesaid, contrary to the form of the statute," etc.

A good many errors are assigned. We shall discuss only such of them as we deem important.

It is claimed the information did not charge an offense. It is said the information should charge, and the people should prove, "beyond a reasonable doubt, that the respondent had a fixed intention, at the time said implements were found in his possession, to use or employ said tools or implements for the purpose of forcing or breaking open a building, room, vault, safe, or other depository in Houghton county, in order to steal therefrom money or some other valuable thing; for, if his intention was merely a general one to employ said tools or implements some time, or in some other county, he would not be guilty. In other words, the intent must be to use the tools or implements, for some of the purposes mentioned in the statute, in the county where the prosecution is instituted." The language of this information is substantially the same as that employed in *Com.* v. *Day*, 138 Mass. 186, where the conviction was affirmed. The statute under which this information was filed is section 11589, 3 Comp. Laws 1897. It was construed in the case of *People* v. *Edwards*, 93 Mich. 636 (53 N. W. 778). The same principle was contended for in that case as the one urged here. The opinion contains a full discussion of the question. It is so recent in date, we do not deem it necessary to do more than refer to it. It decides this case against the contention of respondent.

Just before his arrest, respondent was engaged in a fight at one of the docks; having a revolver, which he used by striking his antagonist on the head with the butt end of it. When arrested, the officer was unable to find the revolver upon the person of the respondent, but it was

afterwards found. On the way to the jail the accused attempted to drop a skeleton key. At the jail there were found upon his person an ordinary key, a lock-pick, and a pair of nippers, such as are used by burglars for turning a key then in the lock, by inserting the nippers in the key-hole from the outside. These nippers were concealed in respondent's stocking. Upon the trial the people were allowed to show for what purpose these tools could be used. This is said to be error. Counsel says, "The implements were in court, and the proper course would have been to identify them as the implements found in the respondent's possession, introduce them in evidence, and submit them to the jury, and let the jury draw their own inference from them." This proposition does not call for much discussion. Suppose an innocent-looking stick of dynamite had been found upon the person of the accused; could the position of counsel then be sustained? Jurors are not supposed to be familiar with the tools and methods employed by burglars. It was very proper they should be informed, by persons who had knowledge, for what purpose the implements were used.

The other assignments of error do not call for discussion.

Judgment is affirmed.

The other Justices concurred.