PEOPLE *v.* JEFFERSON.

1. APPEAL AND ERROR—BRIEF—STATEMENT OF FACTS.
   Noncompliance with Supreme Court Rule 40, which requires the brief of appellant to contain a clear and concise statement of the errors relied on, and failure of the brief to discuss questions raised by various assignments of error, prevent a review of them in the Supreme Court.

2. CRIMINAL LAW — POSSESSION OF BURGLAR'S TOOLS—STATUTES.
   Under the terms of 3 Comp. Laws, § 11589, prohibiting any person from having in his possession burglars' tools, it is necessary to show that the respondent knew he had such tools in his possession, that he knew the purpose to which they were adapted, and that he intended to use them for such purpose.

3. SAME—GUILTY KNOWLEDGE.
    An admission of respondent that he was taking the tools to a
        certain place sufficiently indicated his knowledge of their
        being in his possession.

4. SAME—INTENT.
    Evidence that skeleton keys of peculiar design were found in
        the possession of respondent, that they are in use to pick locks
        and open doors, that the defendant had been a burglar and
        sneak thief by occupation for years, was competent and
        tended to show a criminal intent, and presented a question of
        fact thereupon.

Error to Hillsdale; Chester, J. Submitted April 21,
1910. (Docket No. 137.) Decided June 6, 1910.

George Jefferson was convicted of having skeleton keys
in his possession, and sentenced to imprisonment for
not less than five nor more than ten years in the State
prison at Jackson. Affirmed.

*Frank M. Hall*, for appellant.

*John E. Bird*, Attorney General, and *Paul W. Chase*,
Prosecuting Attorney, for the people.

HOOKER, J. The defendant has appealed from a con-
viction, based on section 11589, 3 Comp. Laws, which pro-
vides that:

"Every person who shall knowingly have in his pos-
session, any engine, machine, tool or implement, adapted
and designed for cutting through, forcing or breaking
open any building, room, vault, safe or other depository,
in order to steal therefrom any money or other property,
knowing the same to be adapted and designed for the pur-
pose aforesaid, with intent to use or employ the same, for
the purpose aforesaid, shall be, on conviction thereof,
punished by imprisonment in the State prison not more
than ten years, or by imprisonment in the county jail not
more than one year, or a fine not exceeding one thousand
dollars, or both such fine and imprisonment, at the dis-
cretion of the court."

Numerous errors were assigned, most of which will be
disregarded, for two reasons, viz. :

(1) Noncompliance with Sup. Ct. Rule 40, which requires that the brief of appellant "shall contain a clear and concise statement of the  *  *  *  errors upon which he relies."

(2) Failure to discuss questions raised by the various assignments.

In view of the fact that the case is a criminal one, we overlook the omission of these requirements so far as to examine the case upon the more important question, which seems to be whether there was evidence tending to prove the guilty knowledge and intent required by the terms of the statute, viz. :

(1) Knowledge of possession of implements.

(2) Knowledge of their adaptation to and design for the criminal purpose.

(3) Intent to use them for such purpose.

The implements in question were produced and shown to have been found on the defendant's person when he was arrested. They were skeleton keys, and we append a drawing of them.

A witness testified that defendant told him that he was taking them to Battle Creek. This indicated the first essential; *i. e.*, knowledge of possession.

There was testimony that tended to show that such instruments are used by burglars, and that they are used for picking locks and opening doors; that the defendant was a burglar and sneak thief by occupation, and had been for years; that he called at the jail on an inmate; that he claimed to be in haste to leave town, and gave different places as his destination. If the jury believed defendant

to be engaged in the occupation of burglary and thieving, it was a natural inference that he knew that the implements were adapted to and designed for use in burglaries, and that his intention was to thus use them. This testimony was competent, and the questions discussed were all questions which were for the jury. *People* v. *Howard*, 73 Mich. 10 (40 N. W. 789); *People* v. *Edwards*, 93 Mich. 636 (53 N. W. 778); *People* v. *Jones*, 124 Mich. 179 (82 N. W. 806).

The judgment is affirmed.

OSTRANDER, MOORE, BLAIR, and STONE, JJ., concurred.