**UNITED STATES of America,**

**v.**

**Israel VALLEJO, Defendant.**

**No. 65 Cr. 494.**

United States District Court, S. D. New York.

April 28, 1970.

Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, for the United States; David A. Luttinger, Asst. U. S. Atty., of counsel.

Israel Vallejo, pro se.

OPINION

MacMAHON, District Judge.

Israel Vallejo collaterally attacks, under 28 U.S.C. § 2255, the sentence of ten years imprisonment imposed by this court on March 29, 1966, following a jury verdict finding him guilty of purchasing, selling, dispensing and distributing cocaine not in the original stamped package, in violation of 26 U.S.C. § 4704 (a), and of receiving, concealing and facilitating the transportation and concealment of cocaine, in violation of 21 U.S.C. §§ 173 and 174.

Petitioner and the government agree that the only question for decision is whether the United States Supreme Court's decision in Turner v. United States,[1] which held the statutory presumptions in 21 U.S.C. § 174 and 26 U.S.C. § 4704(a) unconstitutional as applied to cocaine, should be applied retroactively.

The presumption in 21 U.S.C. § 174 provides that the knowing but unexplained possession of a narcotic drug is sufficient to authorize conviction.

1. 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

The other statute, 26 U.S.C. § 4704(a), similarly provides that "the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

Statutory presumptions in criminal cases ease the prosecution's burden of having to establish a fact by the usual inductive system of drawing conclusions from direct and circumstantial evidence.[2] The presumption permits, indeed invites, the trier of fact to infer a fact or facts from certain proven facts. The Supreme Court, in order to protect a defendant from conviction based on insufficient evidence, has established a standard similar to the civil burden of a "preponderance of the evidence" for determining the constitutionality of statutory presumptions. Such presumptions must be invalidated "unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." [3]

The Court applied this standard in Leary v. United States [4] to the statutory presumption of knowledge of illegal importation of marihuana based on the unexplained knowing possession of marihuana and held it invalid because of the lack of legislative history and empirical evidence indicating that at least a majority of those persons who possess marihuana (the proven fact) know of its illegal importation (the presumed fact).

The Court, in Turner v. United States,[5] applied this "more likely than not" test to both presumed facts under 21 U.S.C. § 174, namely, illegal importation and knowledge of illegal importation, and held the presumption valid for heroin and invalid for cocaine. The critical distinction rested on the fact that heroin cannot be legally imported into, and is not grown in, the United States, while cocaine can be legally imported and, in fact, more of it is lawfully produced in the United States than smuggled from abroad.[6]

The Court then went on and applied this same test to the presumption of guilt from the unexplained knowing possession of a narcotic drug not in its original stamped package contained in 26 U.S.C. § 4704(a), and, once again, held it valid as applied to heroin and invalid as applied to cocaine.[7] The fact that cocaine can be legally produced in the United States, while heroin cannot, was determinative because a stamped package can be legally obtained for cocaine and, therefore, it is not unlikely that it was originally purchased while in a stamped package although there are no stamps on the package found in the possession of the defendant.[8]

The *Turner* decision does not, however, invalidate all possible applications of 26 U.S.C. § 4704(a) to cocaine. The statute proscribes four separate acts—purchasing, selling, dispensing or distributing without a stamp on the package—which the Supreme Court read as alternatives. If a defendant is shown to possess quantities of cocaine not in the original stamped package, which are too large for individual consumption, that alone, without the assistance of the presumption, supports conviction because it justifies a logical inference that the possession was for the purpose of sale or distribution, acts barred by the statute.[9] When, however, the quantity of cocaine possessed is so small that it is consistent with personal consumption and there is no direct or circumstantial proof of an

2. See McCormick, Evidence § 313 (1954).

3. Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969).

4. *Id.* at 52–53, 89 S.Ct. 1532.

5. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

6. *Id.* at 415–416, 418–419, 90 S.Ct. 642.

7. *Id.* at 419–424, 90 S.Ct. 642.

8. *Id.* at 423–424, 90 S.Ct. 642.

9. *Id.* at 419–423, 90 S.Ct. 642.

act of purchase, sale or distribution, except bare possession, the conviction would rest solely on the invalid statutory presumption.

Here, a federal narcotics agent testified that, as he approached Vallejo and his co-defendant Wanton, he saw Vallejo drop six tinfoil packages to the sidewalk and Wanton drop one. The agent placed them under arrest, picked up the seven tinfoil packages and emptied six of the packages into one "substitute container" and the seventh into a second "substitute container." A government chemist testified that the six packages weighed 3.2 grams and contained 30.1% of cocaine. The single package weighed .86 grams.

There was no evidence introduced as to the illegal importation of cocaine or defendant's knowledge of illegal importation. As to 21 U.S.C. § 174, the jury was instructed that it could infer both illegal importation and knowledge of illegal importation from the fact of defendant's unexplained possession of cocaine. As to 26 U.S.C. § 4704(a), the jury was instructed that it could find defendant guilty of violating that statute from the mere fact that petitioner knowingly possessed cocaine not in the original stamped package. There was no other evidence introduced except possession of cocaine which would indicate that Vallejo was purchasing, selling, dispensing or distributing cocaine not in the original stamped package. The government's case thus rested on the presumption, and the jury was instructed that it could convict from evidence of knowing possession of cocaine in a container which did not bear a tax stamp. The quantity of cocaine involved, 3.2 grams, would not be sufficient to justify an inference that Vallejo possessed it for distribution,[10] and therefore there was no basis, under the newly-minted *Turner* rule, for the application of the presumption.[11]

Thus, Vallejo's conviction was totally dependent on the statutory presumptions in 21 U.S.C. § 174 and 26 U.S.C. § 4704 (a) since held unconstitutional as applied to cocaine by the Supreme Court.

The Supreme Court did not, however, indicate whether its decisions on marihuana and cocaine were to be applied retroactively.

Determining whether a new constitutional standard should be granted retroactive or prospective application turns on three factors: (1) the purpose to be served by the new standard;[12] (2) the extent of reliance by law enforcement authorities on the old standard[13] and (3) the effect on the administration of justice of a retroactive application of a new standard.[14]

The Supreme Court has made it quite clear that the first factor is the most important,[15] and, in effect, the remaining two factors become material only when the purpose of the rule does not clearly favor either retroactivity or prospectivity.[16] The Court has made a critical distinction concerning the purpose criterion between those standards which are intended to correct a flaw in the fact-finding process and those which are intended to deter official misconduct.

The Fourth Amendment exclusionary rules which are, in effect, procedural

10. *Id.* at 423, 90 S.Ct. 642 (holds that 14.68 grams of cocaine was insufficient to support an inference of distribution).

11. *Id.* at 422–424, 90 S.Ct. 642.

12. See Desist v. United States, 394 U.S. 244, 256, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1968).

13. See De Stefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

14. See Stovall v. Denno, 388 U.S. at 300, 87 S.Ct. 1967.

15. Desist v. United States, 394 U.S. at 249, 89 S.Ct. 1030; Roberts v. Russell, 392 U.S. at 295, 88 S.Ct. 1921; Witherspoon v. Illinois, 391 U.S. 501, 523 n. 22, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

16. *Id.*

weapons to curtail illegal governmental action, have no bearing on the issue of guilt or innocence, and their purpose under this approach justifies prospectivity, even if the other two factors militate in favor of retroactivity.[17] The *Miranda* warnings,[18] the *Escobedo* ruling[19] and the right to counsel at pre-trial identifications[20] have more of an effect on the fact-finding process, but the effect is speculative, at best, and the Court, while admitting that the purpose criterion leans slightly in favor of retroactivity, has held these rules prospective based on the official reliance and the consequent burden on the administration of justice criteria.[21] The new standards expanding an indigent's right to counsel[22] and a defendant's right to cross-examine a co-defendant concerning a statement which implicates him[23] have, on the other hand, been held to be so serious a flaw in the fact-finding process as to raise a substantial doubt as to the reliability of the jury's verdict and have, therefore, been applied retroactively.[24]

The Court has stated that the new standard for determining the constitutionality of statutory presumptions is intended to "prevent 'conviction upon insufficient proof' * * *."[25] The explicit and obvious purpose was, therefore, to assure that defendants were not convicted of violations of federal narcotic statutes on the basis of presumptions which are not at least supportable by a preponderance of the evidence contained in legislative history and other sources available to the Court.

In this case, as in most "buy and sell" narcotics cases, there was no proof of illegal importation, or knowledge of illegal importation of a narcotic drug, or of purchase, sale or distribution of the narcotic drug not in its original stamped package, except for the statutory presumptions, and these presumptions have been invalidated as they apply to cocaine.

The *Turner* decision and the *Leary* decision before it were intended to correct not a mere flaw in the fact-finding process, but to destroy the very foundation for conviction in cases relying solely on the invalid statutory presumptions. Thus, now that the underpinning has been swept away, such convictions necessarily rest on insufficient evidence.[26]

■ The purpose of the new standard, which is intended to correct and perfect the entire fact-finding process in trials involving cocaine and marihuana, requires retroactive application. Consideration of the remaining two criteria, although certainly of great practical importance, is precluded by the Supreme Court's decisions which hold that rules directly intended to correct flaws in the

17. Desist v. United States, 394 U.S. at 249–250, 89 S.Ct. 1030; Fuller v. Alaska, 393 U.S. 80, 89 S.Ct. 61, 21 L.Ed.2d 212 (1968); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

18. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

19. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

20. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

21. Desist v. United States, 394 U.S. at 251 n. 19, 89 S.Ct. 1030; De Stefano v. Woods, *supra;* Johnson v. New Jersey, *supra.*

22. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

23. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

24. See McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); Roberts v. Russell, *supra*; Smith v. Crouse, 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039 (1964); Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964). See also Witherspoon v. Illinois, *supra.*

25. See Turner v. United States, 396 U.S. at 404, 90 S.Ct. 642; Leary v. United States, 395 U.S. at 37, 89 S.Ct. 1532.

26. United States v. Sorenson, 308 F.Supp 1268 (E.D.N.Y.1970).

fact-finding process must be granted retroactive application.[27]

Accordingly, Israel Vallejo's motion to vacate the sentence and judgment imposed on March 29, 1966 is granted. J. J. Parker, Warden of the Federal Prison Camp at Allenwood, Pennsylvania, is ordered to release petitioner from custody within thirty (30) days from the date this order is filed, unless within that period petitioner is retried or an appeal is taken.

So ordered.

27. See notes 15 and 16, *supra*.