PEASLEY, Plaintiff in error, v. STATE, Defendant in error.

*No. 76–130–CR. Submitted on briefs March 8, 1978.—*
*Decided May 2, 1978.*
(Also reported in 265 N. W. 2d 506.)

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender, and *Mark Lukoff,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

HANLEY, J. Two issues are presented on this appeal:

1. Should this court, by the application of the concurrent sentence doctrine, decline to review the defendant's appeal of one of two convictions for which identical and concurrent sentences were imposed?

2. Is the evidence sufficient to support the trial court's finding that the defendant was guilty of possessing cocaine with the intent to deliver?

*Concurrent Sentence Doctrine*

The state requests the court to adopt the concurrent sentence doctrine in this case and to decline to review the defendant's substantive issue.

The doctrine, which finds its genesis in *Locke v. United States,* 7 Cranch 339, 3 L. Ed. 364 (1813), has been applied by the federal courts in situations where a defendant has been validly convicted on any one count of a

multi-count indictment for which concurrent sentences are imposed to declare that it is unnecessary to consider the others. *Hirabayaski v. United States,* 320 U.S. 81, 63 S. Ct. 1375, 87 L. Ed. 1774 (1943). Thus, in *United States v. Hamilton,* 420 F.2d 1096 (7th Cir. 1970), when the defendant appealed his judgment of conviction on two counts for which he received identical, concurrent sentences, the Seventh Circuit Court of Appeals exercised the doctrine to decline to review the errors alleged to have been committed with respect to the second count after the court affirmed the conviction on the first count. In *Jordan v. United States,* 416 F.2d 338 (9th Cir. 1969), *cert. denied,* 397 U.S. 920, one of the defendants, who had been convicted on eight separate counts, appealed the convictions on all counts. The court reversed the conviction of the defendant as to one count. But after affirming the convictions on six other counts, the court invoked the concurrent sentence doctrine to decline to address the appeal as it related to the eighth. *Jordan v. United States, supra* at 346. Thus, in these cases, the federal courts invoked the doctrine to deny reviewing errors relating to one count when at least one companion count has been affirmed.

On this appeal, the state would have this court equate the defendant's failure to appeal the conviction on the delivery of LSD count with an appellate affirmation of that count for the purposes of invoking the concurrent sentence doctrine. The state claims two reasons make the application of the doctrine to this case appropriate. First, that denying to pass on the merits of the defendant's appeal will have no detrimental collateral consequences: the defendant by virtue of the conviction on the unappealed count will still be subject to habitual criminal treatment under sec. 939.62(2), Stats., in the event of any future convictions; the defendant's credibility in a trial on a possible future charge will not be significantly altered by a reversal on the charge here

appealed; and the defendant's chances for parole would not be materially affected by a reversal on this appeal. Second, that denying to pass on the merits of the defendant's appeal is justified on the grounds of judicial convenience.

However, in the only other case in which this court has been asked to adopt the concurrent sentence doctrine, it has declined to do so. *Blaszke v. State,* 69 Wis.2d 81, 230 N.W.2d 133 (1975). In that case, the defendant pled guilty to three counts, two for theft (one a felony and the other a misdemeanor) and a third for burglary. Concurrent sentences were imposed. The defendant appealed the judgment only insofar as it was concerned with his conviction on the misdemeanor theft count. In response to the state's request for the adoption of the concurrent sentence doctrine, this court distinguished between those situations in which the companion conviction has been affirmed and those situations where the companion conviction has not been appealed. *Blaszke v. State, supra* at 92–93.

Contrary to what the state contends, the situation in *Blaszke v. State, supra,* is procedurally the same as in the instant case. In both, companion convictions had not been affirmed by this court in the same or any previous appeal; the defendant has just chosen not to appeal them. Indeed, considering the fact that the above-cited federal cases have applied the doctrine only after the companion conviction has been affirmed, it is not clear that the doctrine would be applied by the federal courts in a situation such as the one presented here. Therefore, we do not adopt the concurrent sentences doctrine nor apply the doctrine to this appeal.

*Sufficiency of the Evidence*

The contention made by the defendant is that the evidence adduced at trial was insufficient to support his

conviction for possession of cocaine with intent to deliver. He argues that no trier of fact, acting reasonably, could find that the defendant possessed one-third of a gram of cocaine with intent to deliver it.

Sec. 161.41(1m), Stats., makes it a felony for one to possess cocaine with the intent to deliver it. This section expressly provides that the intent necessary to sustain a conviction thereunder may be demonstrated by circumstantial evidence:

"Intent under this subsection may be demonstrated by, without limitation because of enumeration, evidence of the quantity and monetary value of the substances possessed, the possession of manufacturing implements or paraphernalia, and the activities or statements of the person in possession of the controlled substance prior to and after the alleged violation." Sec. 161.41(1m), Stats.

■ This court has held that the statutory language quoted above is constitutional, and that it does not create a presumption of intent but rather lists evidence which the finder of fact may consider in order to infer intent. *State ex rel. Bena v. Hon. John J. Crosetto,* 73 Wis.2d 261, 271–72, 243 N.W.2d 442 (1976). At trial, the following facts were established. In the months of February and April, 1974, the defendant on four separate occasions sold controlled substances to Grant County Deputy Sheriff John J. Wheeler. On February 8, the defendant sold Wheeler 90 capsules of what was later determined to be LSD. On February 12, the defendant sold 100 capsules of the same substance to Wheeler. Wheeler made no purchases from the defendant during March because the defendant believed that federal narcotics agents were working in the area. On April 18, sales resumed and the defendant sold Wheeler 100 amphetamine tablets.

The final purchase took place on April 23, 1975. As with the previous sales, this transaction occurred in the kitchen of the defendant's apartment. The defendant again sold Wheeler a number of amphetamine tablets. When the sale was consummated, Wheeler left the defendant's apartment, but returned with other officers and the defendant was arrested. The defendant had $600 on his person, including the "buy" money. A search warrant was then obtained, and in the execution of the warrant, police officers found various quantities of marijuana, cocaine and LSD, along with scales, pipes, cigarette butts and small plastic bags. The parties, by stipulation, agreed that the amount of cocaine found on the premises was one-third of a gram.

The defendant argues that this evidence was insufficient to sustain the court's finding of intent to deliver cocaine because the state failed to prove that the defendant had ever delivered cocaine in the past, and because the state failed to prove the "street value" of the amount of cocaine found in the defendant's apartment. The defendant mainly argues that the possession of only one-third of a gram of cocaine is not sufficient to support a finding of intent to deliver that substance. In what appears to be an effort to convince this court that some larger quantity of cocaine must be possessed to support a finding of intent, the defendant cites numerous decisions of this state and other jurisdictions which involved large quantities of controlled substances. The defendant also cites two federal cases wherein the possession of small amounts of cocaine was found to be insufficient to sustain convictions for possession with intent to deliver. *United States v. Olveva*, 523 F.2d 1253 (5th Cir. 1975) (2 grams of cocaine) ; *United States v. Vallejo*, 312 F. Supp. 244 (S.D.N.Y. 1970) (3.2 grams of cocaine).

Although these latter cases demonstrate that the courts of some jurisdictions may require some minimum, commercially valuable and usable quantity of a controlled substance to sustain a conviction of possession with intent to deliver that substance, this court has not heretofore required this of a prosecution for a violation of sec. 161.41(1m), Stats. In *Fletcher v. State,* 68 Wis.2d 381, 384–85, 228 N.W.2d 708 (1975), this court did hold that no minimum quantity of the substance is necessary to sustain a conviction for possession contrary to former sec. 161.02(1), Stats., (1969) and for delivery contrary to sec. 161.41(1) (a), Stats., (1971):

"The chemist who analyzed the contents of the several tinfoil packets testified that the total weight of the matter contained in one packet was two tenths of a gram, five percent of which was heroin, ninety-five percent of which was diluting material. Thus each packet contained ten milligrams or so of heroin, which defendant contends is too minute to have commercial value or constitute a usable quantity of the drug. Our court follows the majority rule, in sale or possession cases, that '. . . possession of a modicum of an illegal drug is sufficient to bring the defendant within the purview of the statute. . . .' *The statutes here involved do not prescribe any minimum amount which must exist, and such amount '. . . need not be a usable amount. . . .'* " (Emphasis supplied). *Fletcher v. State, supra* at 384–85.

The defendant attempts to distinguish *Fletcher* from the instant case for the reason that the statute under which the defendant in *Fletcher* was convicted did not contain the element of intent, whereas sec. 161.41(1m), under which he was convicted, sets forth intent as a major element of the crime. This is true; intent to deliver is specifically made an element of this offense. However, sec. 161.41(1m), like the statutes under which the defendant in *Fletcher* was convicted, does not pre-

scribe a minimum amount of the controlled substance which must exist to substantiate the charge. Rather, the statute expressly provides that the amount of the controlled substance found in the possession of an individual may be considered, along with other factors, in determining the intent of the individual with respect to the substance. The statute merely lists evidence from which the trier of fact may infer the necessary intent.

Here, the record is replete with evidence from which the requisite intent may be reasonably inferred. Although the total quantity of cocaine found in the defendant's apartment was small and its "street-value" unknown, it is significant that the cocaine was found divided into four separate packages. Two of the packets were found in the refrigerator and the other two were found elsewhere in the kitchen cupboards. In the refrigerator, eight bags of controlled substances in the form of small white tablets were also found. Six of the bags had 100 tablets and the remaining bags had 85 and 84 tablets respectively. Also in the refrigerator were 26 tablets of benzphetamine, a controlled substance, as well as marijuana and hashish in various forms and containers. The defendant also possessed various drug paraphernalia.

From the foregoing, the trial court could properly conclude, as it did, that the defendant was in the business of selling drugs and that the defendant possessed the cocaine with the intent to deliver it in violation of sec. 161.41(1m). The defendant's contention that the small quantity of cocaine found raises an inference that the substance was not intended for delivery but rather for personal use may be reasonable, but the state is not required at trial to explain away all competing inferences which might arise from the evidence (*Taylor v. State,* 74 Wis.2d 255, 246 N.W.2d 516 (1976)), and it is the duty of this court to adopt those inferences which support

the findings of the trier of fact. *Bautista v. State,* 53 Wis.2d 218, 223, 191 N.W.2d 725 (1971). In light of the other facts of this case, we do not believe that the defendant's inference is reasonable.

Moreover, the admissibility of evidence relating to the defendant's prior sales activities as evidence of his intent to deliver the cocaine was permitted under sec. 161.41 (1m) and 904.04(2), Stats., and its probative value is supported by the record. Therefore, the case of *State v. Spraggin,* 77 Wis.2d 89, 252 N.W.2d 94 (1977), on which the defendant relies, is distinguishable.

We conclude that the evidence produced in this case was sufficient to sustain the trial court's finding that the defendant possessed the cocaine with the intent to deliver it.

*By the Court.*—Judgment and order affirmed.

ABRAHAMSON, J. *(dissenting in part).* The following evidence was introduced to prove that Peasley was guilty of the crime of possessing cocaine with intent to deliver:

1. Peasley possessed one-third of a gram of cocaine.

2. Various quantities of drugs other than cocaine were found at Peasley's residence.

3. Scales, pipes, cigarette butts and small plastic baggies were found at Peasley's residence.

4. On four occasions within a few months of the charge in issue Peasley sold LSD or amphetamines to a deputy sheriff.

The majority holds that the evidence is sufficient to sustain the conviction. I disagree. I would vacate the judgment and direct entry of a judgment of conviction of the offense of possession of cocaine.

The State in its brief concedes, and I agree, that evidence of possession of one-third of a gram of cocaine, standing alone, would be insufficient to support an in-

ference of possession of cocaine with intent to deliver. The State asserts that the other evidence described above is sufficient to permit the trial court, acting as fact-finder, to conclude that Peasley possessed the cocaine with intent to deliver.

"In summary, then, the state submits that the smallness of the quantity of cocaine involved here did not, in itself, preclude the conclusion that the defendant possessed such cocaine with intent to deliver. Concededly, such quantity also did not, in itself, establish intent to deliver. The amount of cocaine involved here was not inconsistent with possession for personal use. But the other facts and circumstances presented here, in particular, the defendant's prior sales of two other controlled substances, and the discovery of the cocaine in the same refrigerator where a large quantity of one of those substances was stored, provided a solid foundation upon which the trial court could conclude, beyond a reasonable doubt, that the cocaine here was not for personal use, but rather was part of the defendant's stock in trade in his drug business, and was possessed with intent to deliver."

When the question of the sufficiency of the evidence is presented on appeal in a criminal case, the only question for the court is whether the evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendant's guilt beyond a reasonable doubt. *Gauthier v. State,* 28 Wis.2d 412, 416, 137 N.W.2d 101 (1965). The test is not whether this court or any of the members thereof are convinced beyond a reasonable doubt, but whether this court can conclude that the trier of facts could, acting reasonably, be convinced to the required degree of certitude by the evidence it had a right to believe and accept as true. The credibility of the witnesses and the weight of the evidence is for the trier of fact. *Lock v. State,* 31 Wis.2d 110, 114–115, 142 N.W.2d 183 (1966).

The evidence discussed in paragraphs 2, 3 and 4 is entirely circumstantial, and therefore the question as to

its sufficiency is whether it is strong enough to exclude every reasonable hypothesis of innocence. *Taylor v. State,* 74 Wis.2d 255, 265, 266, 246 N.W.2d 516 (1970). The court has set forth the test as follows:

"[A]ll the facts necessary to warrant a conviction on circumstantial evidence must be consistent with each other and with the main fact sought to be proved and the circumstances taken together must be of a conclusive nature leading on the whole to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the accused and no other person committed the offense charged. The circumstantial evidence must, however, be sufficiently strong to exclude every reasonable theory of innocence, that is, the evidence must be inconsistent with any reasonable hypothesis of innocence. This is a question of probability, not possibility." *State v. Shaw,* 58 Wis.2d 25, 29, 205 N.W.2d 132 (1973), quoted in *Stewart v. State,* ante, 185, 192, 265 N.W.2d 489 (1978).

The evidence described in paragraphs 2, 3, and 4 can be characterized as "other conduct" evidence and was introduced as probative of an element of the crime in question, that is, "intent to deliver cocaine." The majority concludes that "the record is replete with evidence from which the requisite intent may be reasonably inferred." The majority disposes of the question of the probative value of this evidence by saying

"Moreover, the admissibility of evidence relating to the defendant's prior sales activities as evidence of his intent to deliver the cocaine was permitted under sec. 161.41 (1m) and 904.04 (2), Stats.; and its probative value is supported by the record. Therefore, the case of *State v. Spraggin,* 77 Wis.2d 89, 252 N.W.2d 94 (1977), on which the defendant relies, is distinguishable."

The court's analysis is circular. A closer examination of sec. 161.41 (1m) and sec. 904.02 (2), Stats., lends doubt to the majority's unexamined conclusion that Peasley's

prior sales activities are relevant (and thus admissible) to prove his intent to deliver cocaine.

The general rule is that all relevant evidence is admissible and that evidence which is not relevant is not admissible. Sec. 904.02, Rules of Evidence. Evidence is relevant if it has probative worth, *i.e.*, if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Sec. 904.01, Rules of Evidence. Whether an item of evidence tends to prove the matter sought to be proved depends upon principles evolved by experience or science, applied logically to the situation at hand. James, *Relevancy, Probability and the Law,* 29 Calif. L. Rev. 689, 696, n. 15 (1941), in *Selected Writings on Evidence and Trial,* 610, 615, n. 15 (Foyer ed. 1957), cited in 59 Wis.2d R69.

Sec. 161.41(1m), Stats., is part of Chapter 161, the "Uniform Controlled Substances Act." Chapter 161 is substantially similar to the Uniform Controlled Substances Act appearing in 9 Uniform Laws Annotated (Master Edition). However, that part of sec. 161.41(1m) (quoted in the majority opinion) which describes how intent may be demonstrated is not derived from the Uniform Act. This language appears to have been drafted by the Wisconsin Department of Justice because "most district attorneys wanted intent to be defined to create uniformity and certainty for them." *See* Dangerous Substance Control Council, Minutes of Meeting, January 7, 1971 and February 11, 1971. Sec. 161.41(1m) "merely lists evidence which the finder of fact may consider in order to infer intent." *State ex rel. Bena v. Hon. John J. Crosetto,* 73 Wis.2d 261, 271–72, 243 N.W.2d 442 (1976). Sec. 161.41(1m) can not be construed to authorize the finder of fact to consider evidence which is not relevant within the meaning of the rules of evidence.

Sec. 904.04 (2), Stats., relied upon by the majority provides as follows:

"(2) OTHER CRIMES, WRONGS, OR ACTS. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of . . . intent. . . ."

Because the majority fails to note that sec. 904.04 (2) must be read in conjunction with sec. 904.02, it fails to meet the crucial issue in this case: Was the evidence of Peasley's prior conduct *relevant* to prove his intent to deliver cocaine? If the disputed evidence is not relevant to prove intent, it cannot be relied upon to support the conviction. Sec. 904.02, Rules of Evidence.

This court has said that "evidence of prior acts is admissible when such evidence is particularly probative in showing the elements of the specific crime charged, including intent. . . . This type of evidence would not, however, be admissible merely . . . to show that as a result of such prior activities he is more apt to commit the particular type of crime." *Hough v. State,* 70 Wis.2d 807, 814, 235 N.W.2d 534 (1975). The admissibility of the other conduct evidence depends "upon its probative value which depends in part upon its nearness in time, place and circumstances to the alleged crime or element sought to be proved." *Whitty v. State,* 34 Wis.2d 278, 294, 149 N.W.2d 557 (1967), *cert. den.* 390 U.S. 959. If the other conduct is "dissimilar in character and circumstances," it falls "outside the test of relevancy as not tending in a reasonable degree to establish probability or improbability of a fact in issue." *State v. Watkins,* 39 Wis.2d 718, 727, 159 N.W.2d 675 (1968). The other conduct must be similar, since it is the improbability of a like result being repeated by mere chance that carries probative weight. *See State v. Spraggin,* 77

Wis.2d 89, 97, 252 N.W.2d 94 (1977); 2 *Wigmore on Evidence,* sec. 302 (3d ed. 1968).

It is this very requirement of similarity which leaves so much room for difference of opinion and accounts for the variances in the decisions on the issue of admissibility of evidence of prior conduct to prove an element of the crime charged.

Is the delivery of LSD and amphetamines similar to a sale of cocaine? Is the paraphernalia found in Peasley's residence suitable for use in the sale of cocaine? Are consumers of LSD or amphetamines also consumers of cocaine? Are similar sales techniques utilized for all of these substances? Neither the majority opinion nor the trial court's opinion discusses these issues. An analysis of the similarity of the evidence offered to the matter at hand is necessary to give the evidence probative value. 2 *Wigmore on Evidence,* sec. 302 (3d ed. 1968).

Assuming *arguendo* the probative value of the evidence described in paragraphs 2, 3, and 4 to the issue of intent, I cannot conclude that evidence showing possession of one-third of a gram of cocaine, prior sales of LSD and amphetamines and possession of drugs and drug paraphernalia is sufficient to prove beyond a reasonable doubt that Peasley possessed the cocaine with intent to deliver. Peasley is guilty beyond a reasonable doubt of the lesser included offense of possession of cocaine, and a judgment of conviction of this offense should be entered.