Daniel VANLUE, Plaintiff in error,

v.

STATE of Wisconsin, Defendant in error-Petitioner.

Supreme Court

*No. 77–842–CR. Argued March 4, 1980.—Decided May 6, 1980.*

(Also reported in 291 N.W.2d 467.)

82

For the defendant in error-petitioner the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the plaintiff in error the cause was argued by *Steven P. Weiss,* assistant state public defender, with whom on the brief was *Richard L. Cates,* state public defender.

CONNOR T. HANSEN, J. The issues on this review relate to whether the trial court committed reversible error in admitting into evidence testimony relating to prior convictions of burglary for the limited purpose of proving intent. The court of appeals held that the trial court committed reversible error in admitting such evidence and reversed the judgment of conviction. We reach the opposite conclusion.

Because of the issues raised on this review, it is unnecessary to restate the evidence presented on the substantive crime. *See: Vanlue v. State,* 87 Wis.2d 455, 275 N.W. 2d 115 (Ct. App. 1978). We do, however, observe that our review of the record reflects that in addition to a crowbar, a pillow case and cotton gloves, the jury could reasonably conclude that at the time the defendant was searched he possessed a "long pocket knife" which could be used for caseknifing a door, instead of a "penknife [which] could possibly be used for caseknifing a door." *Id.* at 456.

In our opinion the issue which determines this review is whether the trial court erred in admitting evidence of two prior burglary convictions of Vanlue for the limited purpose of proving that he possessed burglarious tools with the "intent to use such device or instrumentality

to break into a depository, building or room, and to steal therefrom, . . ."[1]

The defendant and another person were arrested in a parking lot at the rear of an apartment building in Burlington, Wisconsin, between 1:30 a.m. and 2:00 a.m. Vanlue apparently lived in Lake Geneva, Wisconsin. When the defendant was searched at the scene, the officers found a crowbar in the sleeve of the jacket he was wearing, a pillow case and long pocket knife in the jacket pocket, and he was wearing cotton gloves. Initially the defendant denied any knowledge of a Volkswagen van parked nearby. Later he said they had parked the van because neither he nor the person he was with had a driver's license, and they were concerned about driving without a license and intended to return the next day with someone who had a driver's license to pick up the van. He also told the officers he intended to hitchhike to Lake Geneva, had borrowed the jacket from a friend, and did not know the knife and pillow case were in the pockets. He further stated that he was wearing the cotton gloves because of the inclement weather and that he had the crowbar up his sleeve for protection while hitchhiking. The arrest occurred on March 30, 1977, and the temperature was about 50 degrees at the time.

After the state rested and prior to the presentation of the defense, the assistant district attorney, in the absence of the jury, asked for a ruling pursuant to sec. 901.04, Stats., with respect to the admission into evi-

[1] Sec. 943.12, Stats. 1975 (amended by ch. 173, sec. 55, Laws of 1977): "Possession of burglarious tools. Whoever has in his possession any device or instrumentality designed and adapted for use in breaking into any depository designed for the safekeeping of any valuables or into any building or room, with intent to use such device or instrumentality to break into a depository, building or room, and to steal therefrom, may be fined not more than $1,000 or imprisoned not more than 10 years or both."

dence of the defendant's prior criminal record. Specifically, he requested a ruling on whether the state, for the purpose of attacking the defendant's credibility, could ask the defendant whether he had ever been convicted of a crime and, if so, how many times. The assistant district attorney indicated that the defendant had six prior burglary convictions. The defense counsel agreed that there had been six prior convictions, but he was uncertain about the nature of the crimes and their status as felonies or misdemeanors. The state did not have certified copies of the judgments of conviction. Defense counsel agreed to stipulate that there had been two prior convictions of burglary. The trial court thereafter ruled that on cross-examination of the defendant, the state could ask the defendant, "Have you been convicted of a crime?" and "How many times?" and that the answers to be given by the defendant were respectively, "Yes." and "Two."

The assistant district attorney then asked for a ruling on the admissibility of the nature of the prior convictions. The state's position was that since one of the elements of the crime charged was possession of tools with intent to use them in a burglary, prior convictions for burglary were relevant to the issue of intent and admissible evidence under the provisions of sec. 904.04(2), Stats. Defense counsel entered a proper objection. The trial court ruled that evidence of the commission of similar crimes by the defendant could be received for the purpose of showing intent, and that it would permit testimony in respect to the two burglaries only for the purpose of showing the intent element of the charged crime. The trial court also stated that it would instruct the jury on the limited use of such evidence.

The defense counsel had reserved his opening statement until the beginning of the defense presentation. In the course of that opening statement he told the jury:

"There are going to be facts brought out to you during my client's testimony that are not easy for me to bring out. They are not favorable to my client. You will hear him testify that he's presently on probation; that he's on probation for two burglaries that occurred when he was a juvenile. He was waived out of juvenile court. He confessed to those burglaries and was sentenced for them. He was on probation at the time. . . ."

However, on direct examination the interrogation of the defendant was restricted to the fact that he had been convicted of burglary on two occasions. Further, counsel made it a matter of record that his questions concerning the defendant's prior record were offered because of the ruling of the trial court. The trial court responded, stating that the defendant had waived no rights in so doing.

The trial court instructed the jury and included the following limiting instruction:

"Evidence has been received to the effect that the defendant heretofore has been convicted of two burglaries. This evidence was received solely because it bears upon the motive or intent of the defendant. You are to bear in mind that the conviction of the defendant of two burglaries at some previous time cannot be the basis for suggestive [sic] nor proof that he is guilty of the offense with which he is now charged."

The court of appeals held that evidence of the defendant's two prior burglary convictions was inadmissible under sec. 904.04(2), Stats., because such evidence merely tended to prove that the defendant acted in conformity with his character. The court stated that the prior crimes evidence was not relevant to show intent, but was relevant only to show that the defendant was guilty of possession of burglarious tools because he had committed burglary before and was about to do it again.

Evidence of the defendant's two prior convictions of burglary was clearly relevant under the Wisconsin defi-

nition of relevancy which has been codified in sec. 904.01, Stats. That section provides:

"904.01 **Definition of 'relevant evidence.'.**

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The evidence in question bears directly on one of the elements of the crime of possession of burglarious tools —intent. Mere possession of a crowbar and a pocket knife, along with a pillow case and a pair of gloves, is not a violation of sec. 943.12, Stats. Before possession of such tools is a crime under the provisions of sec. 943.12, it must be proven that the possession was "with intent to use such device or instrumentality to break into a depository, building or room." Evidence that the defendant had been convicted of burglaries in the past is relevant to the intent element, when supported by the time and place of his arrest, because it makes it more probable than it would be without the evidence that the defendant possessed the tools with the requisite intent to use them to commit a burglary. Because the defendant had previously been convicted of burglary, he had knowledge of what tools were necessary or could be used in a burglary.

Because evidence of prior burglary convictions was relevant to intent and was not sought to be introduced as proof of the character of the defendant in order to show that he acted in conformity therewith, it was admissible under sec. 904.04 (2), Stats.

Sec. 904.04 (2), Stats., provides:

"(2) OTHER CRIMES, WRONGS, OR ACTS. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such

as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

This court has held that other crimes evidence is admissible as proof of intent under the provisions of sec. 904.04 (2), Stats. *See: Simpson v. State,* 83 Wis.2d 494, 510, 266 N.W.2d 270 (1978) ; *Peasley v. State,* 83 Wis.2d 224, 233, 265 N.W.2d 506 (1978) ; *King v. State,* 75 Wis. 2d 26, 43–45, 248 N.W.2d 458 (1977). In *Peasley v. State, supra,* this court held in a prosecution for delivery of LSD and possession with intent to deliver cocaine, that evidence relating to the defendant's prior drug sales activities was admissible as evidence of his intent to deliver cocaine.

It has been held in other jurisdictions that in a prosecution for possession of burglarious tools, in order to prove the general burglarious intent of the defendant, evidence is admissible which shows the defendant's prior convictions of burglary and larceny, *State v. Caldrone,* 202 Kan. 651, 451 P.2d 205 (1969) ; *State v. Caldrone,* 205 Kan. 828, 473 P.2d 66 (1970), cert. den. 401 U.S. 916 (1971) ; defendant's prior convictions of burglary, *State v. Young,* 425 S.W.2d 177 (Mo. 1968) ; defendant's prior convictions for automobile theft and grand larceny, *State v. Medley,* 360 Mo. 1032, 232 S.W.2d 519 (1950), cert. den. 340 U.S. 956 (1951) ; defendant's prior conviction of bank robbery, *State v. Watson,* 386 S.W.2d 24 (Mo. 1964) ; defendant's prior conviction of attempted larceny, *State v. Jerrel,* 200 Kan. 415, 436 P.2d 973 (1968) ; defendant's commission of recent burglaries, *State v. Olsen,* 43 Wash.2d 726, 263 P.2d 824 (1953) ; *Fennen v. Commonwealth,* 240 Ky. 530, 42 S.W.2d 744 (1931) ; that the defendant is a burglar, *State v. Watson, supra; People v. Jefferson,* 161 Mich 621, 126 N.W. 829 (1910) ; and that the defendant associated with burglars, *State v. Lorts,* 269 S.W.2d 88 (Mo. 1954). *See also: State v. Hefflin,* 338 Mo. 236, 89 S.W.2d 938 (1935), and

1 Op. Atty. Gen. 174 (1912), where the attorney general stated that in the trial of a defendant for possession of burglarious tools, it could be shown that the defendant committed and was convicted of burglary once before, to show his knowledge of the nature of the tools and his intent to use them.

In *Hansen v. State*, 64 Wis.2d 541, 546, 219 N.W.2d 246 (1974), this court considered the elements that must be proven in order to convict a person of a violation of sec. 943.12, Stats. In considering the element of intent this court stated:

". . . It has been recognized by this court that:

" ' "Intent is a state of mind existing at the time a person commits an offense. If intent required definite and substantive proof, it would be almost impossible to convict, absent facts disclosing a culmination of the intent. The mind of an alleged offender, however, may be read from his acts, conduct, and inferences fairly deducible from all the circumstances." . . . .' "

However, even if evidence of prior crimes is admissible under sec. 904.04(2), Stats., the trial judge must exercise his discretion to determine whether any prejudice resulting from such evidence outweighs its probative value. Sec. 904.03, Stats.; [2] *Hammen v. State,* 87 Wis.2d 791, 798, 275 N.W.2d 709 (1979); *State v. Spraggin,* 77 Wis.2d 89, 95, 252 N.W.2d 94 (1977). This court noted in *Whitty v. State,* 34 Wis.2d 278, 294, 149 N.W.2d 557 (1967), cert. den. 390 U.S. 959 (1968), that the admissibility of prior crimes evidence depends "upon its probative value which depends in part upon its nearness in

[2] Sec. 904.03, Stats.: "**Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

time, place and circumstances to the alleged crime or element sought to be proved."

In the instant case the prior convictions of burglary occurred in November of 1975, which is approximately a year and a half prior to the commission of the charged crime, and the defendant was on probation for those burglaries at the time of the commission of the charged crime. In *Sanford v. State,* 76 Wis.2d 72, 81, 82, 250 N.W.2d 348 (1977), this court held that the passage of a year and a half between the prior occurrence of a similar nature and the charged crime did not make the evidence so remote in time as to render it without probative value. Evidence of prior acts was also held admissible in *State v. Lombardi,* 8 Wis.2d 421, 440, 99 N.W.2d 829 (1959), where the prior acts occurred from a period of six months to two years prior to the date of the alleged crime, and in *Hough v. State,* 70 Wis.2d 807, 814, 815, 235 N.W.2d 534 (1975), where the prior act occurred one year prior to the charged crime.

The nature of the burglary convictions is similar to that of the charged crime of possession of burglarious tools. In order to be convicted of possession of burglarious tools, one must possess a device or instrument designed or adapted for breaking into a building and must intend to use the device or instrument to break into a building with an intent to steal. To constitute the crime of burglary there must be an intentional entry into a building without consent and with intent to steal or commit a felony therein. Both crimes require an intent to steal; the distinction is that one involves the actual breaking and entering into a building without permission, the other, possession of an instrument or device with the intent to do so.

The defendant places considerable reliance on *State v. Spraggin, supra.* The holding in a particular case must

be viewed in the context of the facts which give rise to the decision. Spraggin was charged with intentionally aiding and abetting the delivery of heroin. Evidence of weapons, stolen goods, and bags of marijuana found upon the premises occupied by the defendant were admitted in evidence on the theory that possession of such items was indicative of the act charged—intentionally aiding and abetting the delivery of heroin. This court held that evidence of the weapons and stolen goods was "not an individual manifestation of the crime charged" and "could not properly be pigeonholed into any of the exceptions of sec. 904.04(2) . . . ." *Id.* at 99, 100. Furthermore, in *Spraggin* there was no limiting instruction cautioning the jury that the evidence was received solely as it might bear on motive and intent and could not be the basis for proof of guilt. *Spraggin* presented an entirely different situation than the one here under consideration.

The interrelationship of secs. 904.04(2) and 904.03, Stats., calls for a balancing of the probative value of and the need for the evidence and the availability of other means of proof against the harm likely to result from its admission. Evidence of other crimes is not automatically admissible; however, there is no mechanical solution available. The determination of whether the danger of undue prejudice outweighs the probative value of the evidence must be based upon the facts of each case after giving consideration to the availability of other means of proof and other factors appropriate for making decisions of this kind. Sec. 904.04, Stats., *Federal Advisory Committee's Note,* 59 Wis.2d R80.

The admission of the other crimes evidence in this case was restricted solely to proof on the element of intent. Under the facts of the case the evidence was admissible. It was within the discretion of the trial court to deter-

mine whether or not the evidence should be admitted. *Hough v. State, supra,* at 815. The determination by the trial court that the defendant had not waived any of his rights by the admission of the evidence and the ultimate giving of a limiting instruction to the jury represents an assessment by the trial court as to the admissibility of the evidence. In any event, this court will uphold a discretionary decision of the trial court if the record contains facts to support the decision of the trial court. *Hammen v. State, supra,* at 800; *Klimas v. State,* 75 Wis. 2d 244, 247, 249 N.W.2d 285 (1977). On the record in this case, the possible prejudicial effect of the testimony did not outweigh its probative value.

On review the state also argues that there was a strategic waiver by the defendant of any alleged error resulting from the admission of the evidence. However, since we conclude the evidence was admissible, it becomes unnecessary to consider whether there was a waiver.

Under the facts of this case, it cannot be said that the trial court abused its discretion in admitting the evidence. We therefore reinstate the judgment of the trial court.

*By the Court.*—Decision of the court of appeals is reversed; cause remanded for reinstatement of the judgment of conviction.

SHIRLEY S. ABRAHAMSON, J. *(dissenting).* This case presents two issues on review; the majority decided only one issue, and I think the majority decided the lesser important issue.

The issues are: (1) Whether the defendant's prior convictions were admissible to prove intent and (2) whether the defendant waived his right to challenge the admissibility of the convictions because he introduced the evidence of the convictions on direct examination after the trial court held that it would allow the state to introduce the evidence on cross-examination.

The majority decided the first issue. This court has decided numerous cases involving admissibility of prior crimes evidence. The rule is clear; it is the application of the rule to each particular fact situation which is troublesome.

It is the second issue, however, which is the more important one for this court to decide if it is to serve its review function. It is this question, rather than the question of the admissibility of conviction evidence, which is a "novel one, the resolution of which will have state-wide impact." *In re Standards to Review Petitions to Appeal,* 85 Wis.2d xiii (1978).

I disagree with the majority's resolution of the first issue. Prior crime evidence is admissible if it is relevant to the issue of intent, and in the instant case, to the issue of "intent to use such device or instrumentality to break into a depository, building, or room, and to steal therefrom" (sec. 943.12, Stats. 1975). I do not think that on this record we can say that the two prior convictions of burglary are relevant to the issue of intent.

This court has repeatedly said that the admissibility of the prior conduct evidence depends "upon its probative value which depends in part upon its nearness in time, place and circumstances to the alleged crime or element sought to be proved." *Whitty v. State,* 34 Wis.2d 278, 294, 149 N.W.2d 557 (1967), *cert. denied* 390 U.S. 959. As I noted in *Peasley v. State,* 83 Wis.2d 224, 238, 265 N.W.2d 506 (1978) (Abrahamson, J. dissenting), it is this very requirement of similarity which leaves so much room for difference of opinion and accounts for the variances in the decisions on the issue of admissibility of evidence of prior conduct to prove an element of the crime charged.

The prior convictions in this case are not as close in time to the offense charged in this case as the majority opinion indicates. The prior crimes evidence admitted

here consisted of two convictions for two burglaries; one burglary was committed in September 1974 (two years, six months before this charge), the other in January 1975 (two years, two months before this charge).

The record is silent on the nature of the prior burglaries, and we cannot evaluate the similarities of circumstances between those burglaries and the offense charged to determine if the prior burglaries are relevant to the issue of intent. The majority opinion holds the prior convictions relevant, reasoning that "because the defendant had previously been convicted of burglary, he had knowledge of what tools were necessary or could be used in a burglary." Knowledge of what tools are useful for burglary is not the equivalent of intent to burglarize. I know what tools could be used in a burglary from reading the Wisconsin Reports. In any event the majority's reasoning rests on the unstated assumption that the defendant had used burglarious tools to commit the prior burglary. Such an assumption is not valid. Not every burglary involves an actual breaking. To prove burglary, the state need prove only an unlawful entry; it need not prove a breaking. Sec. 943.-10, Stats. 1975, provides:

"(1) Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony therein may be imprisoned not more than 10 years:

"(a) Any building or dwelling; or

"(b) An enclosed railroad car; or

"(c) An enclosed portion of any ship or vessel; or

"(d) A locked enclosed cargo portion of a truck or trailer; or

"(e) A room within any of the above.

"(2) Whoever violates sub. (1) under any of the following circumstances may be imprisoned not more than 20 years:

"(a) While armed with a dangerous weapon; or

"(b) While unarmed, but arms himself with a dangerous weapon while still in the burglarized enclosure; or

"(c) While in the burglarized enclosure opens, or attempts to open, any depository by use of an explosive; or

"(d) While in the burglarized enclosure commits a battery upon a person lawfully therein.

"(3) For the purpose of this section, entry into a place during the time when it is open to the general public is with consent."

In *Gilbertson v. State*, 69 Wis.2d 587, 595, 230 N.W.2d 874 (1975), we said that "it is not necessary to prove the defendant had to or did break and enter the generating room; it includes the nonbreaking, unlawful entry, which was the case here." Because we do not know if the defendant in his prior burglaries used tools to break into a building, the prior convictions are not relevant in the instant case to prove the defendant intended to use the tools to break into a building.

The majority's opinion also rests on the unstated assumption that the defendant's prior convictions for burglary show defendant's intent to steal. Such an assumption is not valid. Not every burglary involves an intent to steal. In the crime of burglary the specific intent that must be proved by the state is either the intent to steal or the intent to commit a felony.

The defendant's prior convictions for burglary could have been premised on an unlawful entry (but not a breaking) with the intent to commit a felony other than stealing. I do not think a conviction of burglary based on such facts would be relevant to the crime charged in the instant case which is intent to use tools to break into a building to steal. Thus, in order for the trial court or this court to conclude that the prior convictions were admissible, because they were relevant to the issue of intent to use tools to break into the building

and steal, the state had to show more than the bare fact of a conviction for burglary. The state had to show that the prior convictions were probative because of their "nearness in time, place and circumstances to the alleged crime or element sought to be proved." *Whitty v. State,* *supra* 34 Wis.2d at 294.

I am persuaded, as was the court of appeals, that the use of the evidence of prior convictions in the case at bar tended to prove character, not intent. And even if the evidence might be considered relevant to the issue of intent, in the circumstances of this case its probative value was "substantially outweighed by the danger of unfair prejudice" and should have been excluded. Sec. 904.03, Stats.

In *State v. Young,* 425 S.W.2d 177 (Mo. 1968), which the majority cites as authority for its position, the Missouri court reversed the conviction, because the only evidence in the case was defendant's possession of tools and his previous convictions. The Missouri court said that it "found no case which upholds conviction of possession of burglar's tools on mere possession of tools of such equivocal nature . . . without more on which to base possession with a burglarious intent than appears here." 425 S.W.2d at 182. The court in *Young* described the prejudice that could result to a defendant under the holding adopted by the majority of this court, namely that a person previously convicted of burglary stands a high risk of conviction on possession of ordinary tools. I find the reasoning of the Missouri court persuasive to overturn the conviction in the instant case:

"Furthermore, if a conviction can stand merely on a showing of possession of tools which can be used for legitimate purposes as well as for burglary, together with proof of a prior conviction, no released convict could ever safely be in possession of working tools no matter how honest his actual intentions might be." *Id.* at pp. 182, 183.

In the other cases from four states cited by the majority on page 88 of its opinion as allowing evidence of prior conviction, the convictions were based on more evidence than the possession of tools and a prior conviction. In most of the cases, either the defendant was connected with a robbery or burglary which occurred shortly before his arrest on the charge of possession of burglarious tools or the defendant had in his possession recently stolen goods.

In the case at bar, there is no such "other evidence." There was no reported burglary in the vicinity in which the defendants were arrested. The defendants were not found under circumstances that made it appear that they were about to break into a building. The testimony of the police was that they were called to the scene not to investigate a possible burglary or other similar suspicious circumstances but to investigate the source of loud noises. A police officer testified that it was highly unusual for a burglar to make loud noises before committing the crime. When the defendant and his companion were stopped by the police, they did not attempt to resist arrest, or flee from the scene; they answered the officer's questions, although apparently not always truthfully. Although a fact-finder might have reached a guilty verdict on the basis of these circumstances (*compare Hansen v. State,* 64 Wis.2d 541, 219 N.W.2d 246 (1974)) the admission of the evidence of the prior convictions tainted the trial and was prejudicial error. *Hart v. State,* 75 Wis.2d 371, 395, 249 N.W.2d 810 (1976).

I would affirm the decision of the court of appeals for the reasons stated herein.

I am authorized to state that Justice Heffernan joins in this dissent.